1   CATHERINE E. HOLZHAUSER, SBN 118756
    CHRISTOPHER HAMMER, SBN 272543
2   BEESON, TAYER & BODINE, APC
    520 Capitol Mall, Suite 300
3   Sacramento, CA  95814-4714
    Telephone:    916.325.2100
4   Facsimile:    916.325.2120
    Email:        cholzhauser@beesontayer.com
5                 chammer@beesontayer.com

6   Attorneys for Plaintiff Trustees on Behalf of General Employees Trust Fund

7

8                   **UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                     **OAKLAND DIVISION**

11

12  TRUSTEES ON BEHALF OF GENERAL     | Case No.
    EMPLOYEES TRUST FUND,             |
13                                    | **COMPLAINT**
                          Plaintiff,  |
14                                    |
               v.                     |
15                                    |
    PREMIER FLOOR CARE, INC.,         |
16                                    |
                          Defendant.  |

17

18      PLAINTIFF ALLEGES:

19                        **JURISDICTION/VENUE**

20      1.     This action arises under the National Labor Relations Act, 29 U.S.C. §185; and under

21  the Employee Retirement Income Security Act, 29 U.S.C. §1132 and §1145 for the collection of

22  delinquent contributions.

23      2.     Intradistrict Assignment.  This action arises in Contra Costa County and is properly

24  Assigned to the Oakland division of the Northern District of California.

25                            **PARTIES**

26      3.     Plaintiff Trustees on Behalf of General Employees Trust Fund ("Plaintiff Fund") is an

27  employee benefit plan within the meaning of 29 U.S.C. §§1002 and 1132(d).  Plaintiff Fund is a trust

28  fund originally established by a Trust Agreement.  A copy of the Restated Trust Agreement for

1    General Employees Trust Fund is attached as Exhibit "A" and is incorporated by reference.

2        4.      Plaintiff is informed and believes, and on that basis alleges, that during all relevant

3    times described in this complaint, Defendant Premier Floor Care, Inc. ("Defendant") was a Nevada

4    corporation, with its principal place of business in Brentwood, California.

## RELEVANT STATUTORY PROVISIONS

    5.      Section 515 of ERISA, 29 U.S.C. §1145, provides that:

            Every employer who is obligated to make contributions to a multi-
            employer plan under the terms of the plan or under the terms of a
            collectively bargained agreement shall, to the extent not
            inconsistent with law, make such contributions in accordance with
            the terms and conditions of such plan or such agreement.

    6.      Section 501(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides that:

            A court may, in its discretion, award a plaintiff bringing suit to
            enforce 29 U.S.C. §1145, amongst other things, the unpaid
            contributions, liquidated damages, interest on the unpaid
            contributions, and reasonable attorneys' fees and costs of the
            action.

    7.  Section 4219(a) of ERISA, 29 U.S.C. §1399(a), provides that:

            An employer shall, within 30 days after a written request from the
            plan sponsor, furnish such information as the plan sponsor
            reasonably determines to be necessary to enable the plan sponsor
            to comply with the requirements of this part.

## FACTUAL ALLEGATIONS

    8.      During all relevant times described in this complaint, Defendant was located in

Brentwood, California and engaged in the cleaning business.

    9.      Defendant was signatory to the Northern California Safeway Contractors Janitor I

Agreement with the Service Employees International Union Local 1877, effective November 1, 2009

through and including October 31, 2012.  The Agreement obligates Defendant to make health and

welfare contributions on behalf of covered employees and comply with Plaintiff Fund's audit

requests.  A copy of that collective bargaining agreement is attached as Exhibit "B" and is

incorporated by reference.

///

10.     Defendant was also signatory to the Northern California Safeway Agreement with Premier Floor Care Janitor I Agreement with the Service Employees International Union, United Service Workers West, effective May 31, 2013 through and including October 31, 2015.  This Agreement obligates Defendant to make health and welfare contributions to Plaintiff Fund on behalf of covered employees.  It also requires that Defendant comply with audit requests made by the Trustees of Plaintiff Fund, in accordance with the Trust Agreement.  A copy of that collective bargaining agreement is attached as Exhibit "C" and is incorporated by reference.

11.     Defendant is also signatory to a Subscribers' Agreement with Plaintiff Fund which obligates it to contribute to Plaintiff Fund in accordance with the Trust Agreement and make available to Plaintiff Fund all records necessary to conduct an audit.  A true and correct copy of the Subscribers' Agreement is attached as Exhibit "D" and is incorporated by reference.

12.     At all times relevant to this action, the Agreements obligated Defendant to make contributions to Plaintiff Fund and provide records necessary to conduct an audit to verify that the required contributions have been made.

## FIRST CAUSE OF ACTION
### Demand for Payment of Audit

13.     Plaintiff Fund realleges and incorporates by reference the allegations set forth in Paragraphs one through twelve, above, as though fully set forth herein.

14.     Article VIII, Section 8.13 of the Trust Agreement permits an auditor appointed by Plaintiff Fund to enter the premises of the employer to examine and copy its business records to determine whether the employer has made full payment of all sums required to be paid to Plaintiff Fund.

15.     On or about May 17, 2019, National Compliance Services completed a revised audit of Defendant's payroll records for the 2014 through 2016 calendar years.  This revised audit incorporated Defendant's feedback to the initial audit and reduced the original amounts due.  The revised audit, with liquidated damages and interest calculated through October 20, 2019, reveals a total amount due of $193,962.13.  A copy of the revised audit is attached as Exhibit "E" and is incorporated by reference.

1    16.    Article VIII, Section 8.06(b) of the Trust Agreement provides that if Plaintiff Fund

2    files a legal action to collect unpaid contributions or other monies, the liquidated damages for any

3    contributions still unpaid on the date the legal action is filed shall be increased from ten percent

4    (10%) to twenty percent (20%) of the contributions which are due and unpaid.  At the time of the

5    filing of this lawsuit, Defendant owes Plaintiff Fund 20% liquidated damages of the $103,895.99 in

6    delinquent contributions, for a total of $20,779.20 in unpaid damages owed to Plaintiff Fund, as set

7    forth in Exhibit "E".

8        17.    In addition to liquidated damages, the Trust Agreement provides at Article VIII,

9    Section 8.05 that Defendant shall be liable for interest in the amount of seven percent (7%) per

10   annum from the date such contributions were due until paid.  As of October 20, 2019, Defendant

11   owes $33,961.00 in interest to Plaintiff Fund, as set forth in Exhibit "E".

12       18.    The Trust Agreement also provides at Article VIII, Section 8.08 that if an employer

13   has made improper payments to Plaintiff Fund on behalf of a person who was not eligible as a

14   participant, the employer shall be liable for the costs of any benefits provided in excess of the

15   payments made by the employer on behalf of such person, plus liquidated damages, interest,

16   attorneys' fees and costs.  The audit uncovered that Plaintiff Fund paid $12,724.11 in claims on

17   behalf of improper participants, which amounts are due an owing to Plaintiff Fund and set forth in

18   Exhibit "E."

19       19.    The Trust Agreement provides at Article VIII, Section 8.07 that if Plaintiff Fund

20   is required to take legal action to enforce collection, the employer shall be liable for all reasonable

21   expenses incurred by Plaintiff Fund to take such action, including, but not limited to, court costs,

22   auditing fees, and all attorney fees and costs.  Defendant owes Plaintiff Fund $11,172.25 in auditing

23   fees, which are set forth in Exhibit "E."

24       20.    The audit also uncovered $440.59 owed for a contribution shortage from October 2017

25   and $12,989.00 in liquidated damages for late paid contributions from August 2014 through

26   December 2015, which amounts are due and owing to Plaintiff Fund and set forth in Exhibit "E."

27   ///

28   ///

21.     Although demands have been made, Defendant has paid only $2,000.00 for the 2014 through 2016 audits.  Therefore, Defendant owes Plaintiff Fund $193,962.13 as set forth in Exhibit "E."

### SECOND CAUSE OF ACTION
**Demand for Audit and Accounting**

22.     Plaintiff Fund realleges and incorporates by reference the allegations set forth in paragraphs one through twelve above as though fully set forth herein.

23.     Article VIII, Section 8.13 of the Trust Agreement permits an auditor appointed by Plaintiff Fund to enter the premises of the employer and to examine and copy its business records to determine whether the employer has made full payment of all sums required to be paid to Plaintiff Fund.

24.     The Trust Agreement provides at Article VIII, Section 8.13(c) that in the event the employer refuses to voluntarily submit to said audit, the employer shall be liable for all court costs and attorney fees incurred by the Trustees in compelling the conduct of said audit.  If such audit discloses any deficiency in contributions and/or other monies owed to the Trust Fund, the employer shall immediately pay to Trust Fund the amount found due, plus liquidated damages of twenty percent (20%) and interest at seven percent (7%).  If the amount found due by the audit is ten percent (10%) or more of the contributions which should have been made, the costs of such audit shall be paid by the employer.

25.     Article VIII, Section 8.13 (c) further provides that any employer who fails to provide the required documents shall be liable for the costs caused by that failure whether or not the audit reveals any further contributions due.

26.     On or about October 9, 2018, National Compliance Services sent a letter to Defendant requesting copies of certain documents to complete an exit audit covering the periods of January 1, 2017 through March 31, 2018.  A copy of the letter and list of requested records is attached as Exhibit "F" and is incorporated by reference.

///

///

27.  Although Plaintiff Fund has made repeated attempts to secure certain payroll records for an exit audit covering the period of January 1, 2017 through March 31, 2018 to determine whether Defendant has made full and prompt payment of all sums it is required to pay to Plaintiff Fund, Defendant has failed to provide the records.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Fund prays for judgment as follows:

As to the First Cause of Action

1.  Unpaid contributions in the amount of $103,895.99 for the 2014 through 2016 audit;

2.  Liquidated damages in the amount of $20,779.20 for the 2014 through 2016 audit;

3.  Interest in the amount of $33,961.00 for the 2014 through 2016 audit;

4.  Improper claims in the amount of $12,724.11 for the 2014 through 2016 audit;

5.  Audit fees in the amount of $11,172.25 for the 2014 through 2016 audit;

6.  Contribution shortages in the amount of $440.59 for the month of October 2017;

7.  A net amount of $10,989.00 in liquidated damages owed for late payment of contributions for the months of August 2014 through December 2015;

8.  Reasonable attorney fees and costs of this action owed pursuant to the Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

9.  For such other legal or equitable relief as the court deems just and proper.

As to the Second Cause of Action

10.  A Court Order compelling the audit of Defendant for the period of January 2017 through March 2018 and production of the following records:

- Federal Tax Reports
  a.  Employers Quarterly Tax Returns 941
  b.  Wage and Tax Statement W-2's
  c.  Transmittal of Wage  & Tax Statement W-3

- California Quarterly Wage and Withholding Report DE-9 & DE-9C

- Miscellaneous Income 1099-MISC and 1096 prepared for your non-employees and the following documents:
  a.  Contractors' License Number and inception or expiration date of the license
  b.  Contractors' Certificate of Worker's Compensation Insurance
  c.  Contractors Agreement

        d.  Subcontractors invoices and suppliers

- Cash Disbursements/Accounts Payable & Receivable Journals
- Check Register (Detail Report)
- Compensation Records, Time Keeping Reports or Time Cards and Time Card Summary
- Payroll Registers/Journals.  To include all hours.  Monthly hours and not yearly totals.
- Employee monthly medical co-payments contributions (if any)

- Workers Comp and FMLA
    a.  Date of leave and return date
    b.  Reason for leave (work related injury)
    c.  Worker's Compensation Payroll Reports

- Client list including client address of clients within the Northern California Maintenance Contractors Agreement – SEIU 1877
    a.  Client acquisition dates

- Employees Personnel Records
    a.  Employees job classification
    b.  Employees seniority hired/termination date
    c.  Employee wage rate
    d.  Employees work location (Address and designated Zones per CBA)
    e.  Employee roster

- Contracts
    a.  Collective Bargaining Agreements and/or Special Addendum to the Master Agreements
    b.  Subscriber Agreements (Bargaining Unit Only & Non-Bargaining & Employer with Non-CBA Participants)

- General Employees Trust Fund Trust Transmittals

- If applicable, names and addresses of your subsidiaries, affiliates and parent companies
- Other related records necessary to determine compliance with the collective bargaining agreement available upon request during the examination

11.  For judgment against Defendant for reasonable attorney fees and costs incurred in gaining auditor access to Defendant's records; and

12.  For such other and further relief as the Court may deem just and equitable.

Dated:  October 28, 2019                    BEESON, TAYER & BODINE, APC

                                    By: _____
                                    CATHERINE E. HOLZHAUSER
                                    Attorneys for General Employees Trust Fund

COMPLAINT
Case No.
7
786722